Dear Sheriff Guidroz:
You have asked this office to advise whether the provisions of R.S.33:1448(P) apply to sheriffs and deputy sheriffs who retired prior to June 9, 2005, the effective date of Act 19 of the 2005 Regular Legislative Session, the legislation which enacted the provision.
R.S. 33:1448(P) states:
 P. Notwithstanding the provisions of Subsection D of this Section, in the parish of St. Landry, one hundred percent of the premium costs of group hospital, surgical, and medical expense insurance and the first ten thousand dollars of life insurance contracted for under the provisions of this Section shall be paid from the sheriffs general fund for any sheriff or full-time deputy sheriff who has retired from the St. Landry Parish Sheriffs Office and who is entitled to receive monthly benefits from the Sheriffs Pension and Relief Fund and who has either of the following:
 (1) At least twelve years of full-time service with the St. Landry Parish Sheriff's Office and is at least fifty-five years of age.
 (2) At least thirty years of full-time service with the St. Landry Parish Sheriff's Office, regardless of age.
R.S. 33:1448(P) requires the St. Landry Parish Sheriff's Office to pay 100% of the health insurance premiums and the first $10,000.00 of life insurance premiums for retired sheriffs and deputy sheriffs who also meet specific years of service and/or age requirements. *Page 2 
In Attorney General Opinion 99-340, this office addressed a similar inquiry regarding the retroactive application of R.S. 33:1448(G).[1]
This office concluded:
 While the statute is not specific as to whether the premium costs "shall be paid in full" for sheriffs and deputies who retired before the effective date of the Act, we feel they are included inasmuch as the statute provides for payment for all sheriffs and deputy sheriffs "retired with at least fifteen years of service who are at least fifty-five years of age." We reach this conclusion from consideration of the language of Subsection D which allows any covered employee "retiring" to elect to continue coverage "upon retirement." Such language could have been utilized in regard to payment of full premium costs for all sheriffs and deputy sheriff "retiring" or "upon retirement" but states the premiums "shall be paid in full from the sheriff's general fund for all sheriffs and deputy sheriffs retired with at least fifteen years of service who are at least fifty-five years of age.". . .Moreover, this conclusion was confirmed by telephone conversation with Representative Billy Montgomery who authored the Bill as being consistent with the intent of the legislation. See Opinion 99-340, copy attached.
The analysis of the author of Opinion 99-340 regarding R.S. 33:1448(G) is applicable to R.S. 33:1448(P). Thus, we conclude R.S. 33:1448(P) applies to those sheriffs and deputies who retired before the effective date of Act 19 of 2005, where the specific years of service and/or age requirements are met. Note we also attach a copy of Opinion 02-0379(A), addressed to the Louisiana Sheriff's Association, in which we affirmed the author's conclusion in Opinion 99-340.
You state that the former sheriff initiated the original life insurance benefits of $30,000 for deputy sheriffs. You ask if you as current sheriff may legally reduce those life insurance benefits from $30,000 to $10,000.
"The provision of health insurance is a benefit provided by the employer. The nature of that benefit, including continued entitlement to insurance after retirement, is defined by the contract of employment between the employer and the employee. A vesting issue only arises if a benefit, such as the right to insurance coverage during retirement, has been earned pursuant to the terms of the employment agreement. Once a benefit is earned, it becomes a vested right of the employee, and cannot be impaired or reduced by changing the rules pursuant to which it will be paid." See Attorney General Opinion 04-0132, copy attached.
Here, the provisions of R.S. 33:1448(P) are tantamount to the contract of employment between the sheriff and his deputies. As the statute only mandates *Page 3 
$ 10,000 of life insurance benefits, you may reduce those benefits from $30,000 to $10,000 for active employees and retirees.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI,
 JR. ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
 Cc: Mr. Chad P. Pitre 111 N. Court St. Opelousas, LA 70570
[1] R.S. 33:1448(G):
Notwithstanding the provisions of Subsection D of this Section, the premium costs of group hospital, surgical, medical expense, and dental insurance and the first ten thousand dollars of life insurance contracted for under the provisions of this Section shall be paid in full from the sheriff's general fund for all sheriffs and deputy sheriffs retired with at least fifteen years of service who are at least fifty-five years of age or retired with at least thirty years of service at any age. The provisions of this Subsection shall be applicable only to the sheriffs' offices of the parishes of Bossier, St. Bernard, St. Martin, Acadia, Allen, Avoyelles, Beauregard, Bienville, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Concordia, DeSoto, East Feliciana, Grant, Iberville, Jackson, Jefferson Davis, Lafayette, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Pointe Coupee, Rapides, Red River, St. James, St. John, Union, Vermilion, Vernon, Washington, Webster, West Baton Rouge, West Carroll, West Feliciana, and any parish with a population of between one hundred thousand and one hundred two thousand according to the latest federal decennial census and the sheriff of the Civil District Court of the parish of Orleans, for their respective retirees. The provisions of this Subsection shall also apply to the employees of the Sheriffs' Pension and Relief Fund and the Louisiana Sheriffs' Association, which fund and association shall pay the premium costs for their employees.
 ATTACHMENT
OPINION 99-340
Mr. Michael D. Goss, Esq.
Attorney General of Louisiana — Opinion.
June 14, 2007.
54 — Insurance
107 — Sheriffs
R.S. 33:1448
Sheriffs and deputies who retired before the effective date of Act 314
of 1999, Aug. 15, are included in the payment of premium costs if retired with 15 years of service and are at least fifty-five under R.S.33:1448 as amended.
 Mr. Michael D. Goss, Esq. Domengeaux, Wright Roy 556 Jefferson Street Jefferson Towers, Suite 500 Lafayette, LA 70502-3668
RICHARD P. IEYOUB, Assistant Attorney General
Dear Mr. Goss:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of insurance premiums for sheriffs and deputy sheriffs "retired with at least fifteen years of service who are at least fifty-five (55) years of age." Act 314 of 1999 enacted Subsection G of R.S. 33:1448 and became effective on August 15, 1999 providing the following:
 Notwithstanding the provisions of Subsection D of this Section, the premium costs of group hospital, surgical, medical expense, and dental insurance and the first ten thousand dollars of life insurance contracted for under the provisions of this Section shall be paid in full from the sheriff's general fund for all sheriffs and deputy sheriffs retired with at least fifteen years of service who are at least fifty-five years of age. The provisions of this Subsection shall be applicable only to sheriffs' offices of the parishes of * * * Lafayette, * * *, for their respective retirees. The provisions of this Sub-section shall also apply to the employees of the Sheriffs' Pension and Relief Fund and the Louisiana Sheriffs' Association, which fund and association shall pay the premium costs for their employees.
The provisions of Subsection D are as follows:
 Any policy or self-insurance plan providing group hospital, surgical, medical expense, or life insurance contracted for under the provisions of this Section shall contain a provision authorizing any covered employee retiring under his sheriff's department retirement plan to elect to continue such coverage upon retirement. The premium cost of such coverage may be paid in full or in part from the sheriff's general funds or by the retired employee. A uniform policy with respect to such premiums shall be formulated and applied by each sheriff. *Page 2 
You ask the following:
 Whether the requirement to pay insurance premiums applies only to sheriffs and deputy sheriffs who retire on or after the effective date of the act or does it apply to all deputies who are currently retired and meet the length of service and age requirements; and
 Does it only apply to retirees that participated in the Sheriff's Pension and Relief Fund (R.S. 11:2171 et seq) or to all retirees that meet the length of service and age requirements?
While the statute is not specific as to whether the premium costs "shall be paid in full" for sheriffs and deputies who retired before the effective date of the act, we feel they are included inasmuch as the statute provides for payment for all sheriffs and deputy sheriffs "retired with at least fifteen years of service who are at least fifty-five years of age." We reach this conclusion from consideration of the language of Subsection D which allows any covered employee "retiring" to elect to continue coverage "upon retirement". Such language could have been utilized in regard to payment of full premium costs for all sheriffs and deputy sheriff "retiring" or "upon retirement" but states the premiums "shall be paid in full from the sheriff's general fund for all sheriffs and deputy sheriffs retired with at least fifteen years of service who are at least fifty-five years of age".
Moreover, this conclusion was confirmed by telephone conversation with Representative Billy Montgomery who authored the Bill as being consistent with the intent of the legislation.
In response to your second question, we do not find that R.S. 33:1448(D) applies only to retirees that participated in the Sheriff's Pension and Relief Fund since the Subsection provides it "shall be applicable" to the sheriffs' offices of the forty-one listed parishes. Moreover, Subsection C(2) sets forth "notwithstanding the provisions of Subsection A of this Section" the sheriff and deputy sheriffs of each parish of the state may elect insurance under the policies "contracted for by the officers of the Louisiana Sheriffs' Association or a group policy or policies or self-insurance plan contracted for by the sheriff or the parish", and Subsection E sets forth that any policy or self-insurance plan providing insurance contracted for under the provisions of the Section shall contain provisions authorizing any retired employee covered under a prior policy issued to any sheriff to elect to continue coverage under the new plan or policy with the same coverage afforded under the prior plan or policy. Finally, in *Page 3 
response to this question we feel it is significant that Subsection G' specifies the premium shall be paid in full "from the sheriff's generalfund for all sheriffs and deputy sheriffs retired with at least fifteen years of service."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Sincerely yours,
 RICHARD P. IEYOUB
 Assistant Attorney General
 BY:__________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
 RPI/BBR
 ATTACHMENT
Opinion Number 02-0379A
Honorable Bobby J. Guidroz
Attorney General of Louisiana — Opinion.
June 14, 2007.
92-A-2-(n) Retirement — Sheriffs
Recall of Attorney General Opinion Number 02-0379.
Mr. A.R. "Buddy" Hodgkins, Jr. Assistant Executive Director Louisiana Sheriff's Association 1175 Nicholson Drive Baton Rouge, LA 70802
RICHARD P. IEYOUB Attorney General
Dear Mr. Hodgkins:
Pursuant to your request, we have reconsidered Attorney General Opinion Number 02-0379 and hereby recall the opinion. We affirm our conclusion that the 1999 amendment to La.R.S. 33:1448G can be applied retroactively as opined in Attorney General Opinion Number 99-340.
 Yours very truly,
 RICHARD P. IEYOUB
 Attorney General
 BY:__________________________
 TINA VICARI GRANT
 Assistant Attorney General
 RPI/TVG/dam
 ATTACHMENT
Opinion Number 04-0132
Mr. T. Robert Lacour
Attorney General of Louisiana — Opinion.
June 14, 2007.
54 — INSURANCE
90-A POLITICAL SUBDIVISIONS
Addresses a number of issues pertaining to the provision of health and life insurance by the East Jefferson Levee District to its retirees.
 Mr. T. Robert Lacour, Attorney for the East Jefferson Levee District 3220 Williams Boulevard Kenner, Louisiana 70065-4594
CHARLES C. FOTI, JR. Attorney General.
On behalf of the East Jefferson Levee District (the "District"), a political subdivision of this state in accordance with LSA-R.S. 38:281(6), you have requested an Attorney General's opinion regarding the District's provision of health and life insurance to its employees and retirees.
Your letter begins by stating your conclusions regarding certain opinions previously issued by this office, and asks us to address whether your conclusions regarding those opinions are correct. Please be advised that most of the Attorney General's Opinions cited in your correspondence, specifically Attorney General's Opinions Nos. 94-316,99-279, 88-578A, 92-495, 97-234, 91-219, 90-558, 96-153 and 96-323 have not been recalled, and remain in force and effect. Attorney General'sOpinion 91-488 has been recalled. See Attorney General's Opinion No.94-72.
In accordance with the analysis set forth in the unrecalled opinions referenced above, it is the opinion of this office that the District can pay 100% of the cost of premiums charged for the insurance the District provides to its employees, retirees and their dependents. Furthermore, in the absence of a contract with its retirees that would require otherwise, the District can treat retirees and their family members differently from active employees by paying a lower percentage toward the premiums attributable to retirees. See: Attorney General's Opinion No.04-0131. In accordance with the cited opinions, it is our further opinion that except for salary and reasonable cash benefits called for in an employment contract, a public body cannot pay cash benefits or reimbursements directly to an employee or retiree and/or their health care providers over and above wages. Attorney General's Opinion No.96-153 concluded that the Town of Arcadia could implement a plan whereby its officials' or employees' dental expenses could be reimbursed up to a maximum amount of $300 per year. See also: Attorney General's OpinionNo. 99-102 which determined that a tax assessor could, as a benefit of employment, reimburse employees for documented appropriate expenses related to physical examinations, up to a reasonably capped amount, in accordance with a contract of employment. *Page 2 
ln our opinion, if the guidelines referred to in Opinion No. 99-102, cited previously, are followed by the District's Board of Commissioners, the District could implement a plan pursuant to which it reimburses its employees for dental examinations, up to a reasonably capped amount, in accordance with a contract of employment.
You also requested the opinion of this office with respect to the questions italicized below.
 "The District has been paying 100% of the costs of the insurance for retirees who retired before a certain date, and 50% of the costs for retirees who retired after a certain date. Is that permissible since it was established before the retiree retired?"
In the absence of contract with affected retirees which would provide otherwise, it is the opinion of this office that it is permissible for the District to treat retirees who retired at different times differently. In accord: Attorney General's Opinion No. 03-0119.
 "Can the District treat retirees on Medicare differently from those who are not on Medicare?"
This office is unaware of any provision of law which would prohibit the District from treating its retirees on Medicare differently from those who are not on Medicare. In our opinion, in the absence of a contract providing otherwise, the District can provide medical coverage to retirees on Medicare that is different from the coverage provided to those who are not on Medicare, assuming a rational basis for doing so. Although LSA-R.S. 42:251 does not provide authorization for political subdivisions to do so, it is noteworthy that this provision of law, with respect to the State's insurance program, authorizes the Office of Group Benefits to provide premium rates which differ for retirees with Medicare and those without Medicare coverage.
 "[T]he District wishes to change some of the benefits for the active and retired employees. . .is the District bound by the benefits and coverages that a retired employee had at the time he retired? [Is the Districted prevented] from ever reducing any benefits of a retired employee or increas[ing] the percentage of the costs which the retiree is asked to pay? Is there a vesting issue?"
The District is bound to honor contractual or vested rights which inure to the benefit of its retirees, if any. In the absence of any vested rights in favor of retired employees, the District may change or reduce the benefits it provides to its retirees. See: Attorney General's Opinion No. 04-0131.
The provision of health insurance is a benefit provided by the employer. The nature of that benefit, including continued entitlement to insurance after retirement, is defined by
Opinion Number 04-0132 Mr. T. Robert Lacour, Attorney for the East Jefferson Levee District Page — 3-
the contract of employment between the employer and the employee. A vesting issue only arises if a benefit, such as the right to insurance coverage during retirement, has been earned pursuant to the terms of the employment agreement. Once a benefit is earned, it becomes a vested right of the employee, and cannot be impaired or reduced by changing the rules pursuant to which it will be paid. In accord: Attorney General'sOpinion No. 94-203.
 "Can the District discontinue paying a percentage or dollar amount of the healthcare premiums for a retiree, if the District paid that percentage or amount when he retired? Can the District elect to no longer cover future retirees? If so, can the District give the retiree the option to pay for the insurance entirely himself?"
As previously stated herein, the District is only bound to honor the vested rights which inure to the benefit of retirees, if any. In the absence of vested rights in favor of a retired employee, the District may change or reduce the benefits it provides to its retirees. As such, it is our opinion that in the absence of retiree's vested rights with respect to insurance coverage, the District can reduce the amount it pays toward the premiums of its retirees, or cease coverage of its retirees. Similarly, the District can provide its retirees with the option of continuing coverage by allowing the retirees to pay 100% of the cost of the coverage themselves. Attorney General's OpinionsNo. 04-0131 and 03-0119.
 "Can the District buy out a retiree's existing life insurance policy? Can the District give current retirees the right to continue coverage on their own and pay them a certain dollar amount based on years of service?"
In accordance with your advice, it is our understanding that your question regarding "buying out" a retiree's life insurance policy refers to the possibility that the District may discontinue life insurance coverage for retirees, either with or without giving the retirees the option of continuing their coverage by paying for it themselves, and upon discontinuance of coverage the District would pay the retiree a previously determined amount of money.
Please be advised that this office is unaware of, and our research did not reveal, any provision of law which would prohibit the District from discontinuing life insurance coverage on behalf of its retirees, and providing them with a payment in lieu thereof. As such, it is the opinion of this office that the District can "buy out" a retiree's right to continued life insurance coverage. However, if a retiree's right to continued life insurance coverage has vested pursuant to the retiree's employment agreement, the retiree will have the right to refuse to accept the monetary payment and require the District to maintain the coverage on his behalf. In accord: Attorney General's Opinion No. 03-0248. *Page 4 
 "One healthcare plan the District is considering would increase the premiums of each retiree. The District would like to continue to pay the same dollar amount for each retiree as it has previously paid. But since the premiums will increase, the end result would be each retiree would pay a higher percentage of the premiums, than when he retired. Is this permissible?"
As stated in our response to previous questions addressed herein, the District is only bound to honor the vested rights which inure to the benefit of its retirees, if any. In the absence of vested rights in favor of the District's retirees, the District is not prevented from reducing the benefits of retired employees or increasing the percentage of the costs of coverage retirees are asked to pay.
 "Regarding a self-insurance program, can the District self-insure only the life insurance program or only the health insurance program? Can the District self-insure only the retirees and not its active employees? Can the District self-insure merely elderly retirees?"
This office is unaware of, and our research did not reveal, any provision of law which would prohibit the District from self-insuring some of its programs, or by self-insuring only retirees or certain retirees, as long as the District takes care not to act arbitrarily or in an unlawfully discriminatory manner. In the absence of a contract between the District and its retirees or employees which would require otherwise, the District is not required to provide its retirees with any insurance whatsoever. In accord: Attorney General's Opinion Nos. 04-0131, 98-456 and 97-234.
 Yours very truly,
 CHARLES C. FOTI,
 JR. Attorney General
 BY:__________________________
 JEANNE-MARIE ZERINGUE BARHAM
 Assistant Attorney General
 CCF, jr./JMZB/dam